# **EXHIBIT 1**

Diane Thompson, Nelson Circuit Clerk
200 Nelson County Plaza
Bardstown, KY 40004

GEORGE P WARDLEY
180 GENESES STREET
NEW HARTFORD, NY 13413



## KCOJ eFiling Cover Sheet

Case Number: 20-CI-00172

Envelope Number: 2315189

Package Retrieval Number: 231518916396583@00000133879

Service by: Certified Mail

Service Fee: $ 0.00

Postage Fee: $ 12.65

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

Page 1 of 1                                Generated: 3/16/2020 2:21:24 PM

| | | |
|---|---|---|
| AOC-E-105   Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **20-CI-00172**<br>Court:  **CIRCUIT**<br>County: **NELSON** |

Plantiff, **TBC CONSTRUCTION, LLC, ET AL VS. UTICA MUTUAL INSURANCE COMP**, Defendant

TO:  **GEORGE P WARDLEY**

   **180 GENESES STREET**

   **NEW HARTFORD, NY 13413**

Memo: Related party is UTICA MUTUAL INSURANCE COMPANY

The Commonwealth of Kentucky to Defendant:
**UTICA MUTUAL INSURANCE COMPANY**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Diane Thompson*

Nelson Circuit Clerk
Date: **3/16/2020**

Presiding Judge: HON. JOHN D. SEAY (610248)

**Proof of Service**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20____

Served By _____

Title _____

Summons ID: 231518916396583@00000133879
CIRCUIT: 20-CI-00172 Certified Mail
TBC CONSTRUCTION, LLC, ET AL VS. UTICA MUTUAL INSURANCE COMP



Page 1 of 1



Filed                20-CI-00172      03/16/2020              Diane Thompson, Nelson Circuit Clerk

ELECTRONICALLY FILED

CIVIL ACTION NO._____              NELSON  CIRCUIT  COURT
                                                 JUDGE_____
                                                 DIVISION _____ (__)


**TBC CONSTRUCTION, LLC**                                    **PLAINTIFFS**
153 Roy Layne Road
Lebanon Junction, KY 40150

AND

**BRAD S. NELMS**
12236 Reedy Creek Road
Bristol, VA 24202

v.                       **VERIFIED COMPLAINT**


**UTICA MUTUAL INSURANCE COMPANY**                           **DEFENDANTS**
Statutory Home Office: 180 Geneses Street
           New Hartford, NY 13413

       Process Agent: George P. Wardley
              180 Genesee Street
              New Hartford, NY 13413

AND

**CUSTARD INSURANCE ADJUSTERS, INC.**
**P.O. BOX 13653**
**Lexington, KY 40583-3653**

       Process Agent: National Registered Agents, Inc.
              306 W. Main Street, Suite 512
              Frankfort, KY 40601


                        ***   ***   ***   ***

Come Plaintiffs, **TBC CONSTRUCTION, LLC** and **BRAD S. NELMS**, by counsel, and for their Verified Complaint against Defendants Utica Mutual Insurance Company and Custard Insurance Adjusters, Inc., state:

1.     Plaintiff TBC Construction, LLC (hereinafter "TBC") is and was a Foreign Limited Liability Company, with a domestic address, registered with the Kentucky Secretary of State, and doing business within Louisville, Jefferson County, Commonwealth of Kentucky. Plaintiff TBC procured insurance from an agent, Eugene S. Wilson & Co., d/b/a First Insurance Group Kentucky, Inc., located in Nelson County, Kentucky.

2.     Plaintiff Brad S. Nelms (hereinafter "Brad Nelms") is and was at all times pertinent hereto, a resident of Bristol, Virginia. Brad Nelms is and was the owner and authorized representative of TBC Construction, LLC. At all times pertinent to this Verified Complaint, Brad Nelms was working within the Louisville, Jefferson County, Commonwealth of Kentucky. Plaintiff Brad Nelms was an insured, insured by, and procured a policy of insurance from Eugene S. Wilson & Co., d/b/a First Insurance Group Kentucky, Inc., located in Bardstown, Nelson County, Kentucky.

3.     Defendant Utica Mutual Insurance Company (hereinafter "UTICA") is and was a foreign insurance company DOI ID No. 30193, NAIC No. 25976, NAIC Group No. 201, registered with the Kentucky Department of Insurance, doing business in the Commonwealth of Kentucky and actively engaged in the business of insuring, selling, procuring and providing insurance policies to individuals, businesses and corporations within the Commonwealth of Kentucky. At all times pertinent hereto, Defendant UTICA solicited and sold insurance policies thru licensed agents and/or brokers to corporations, businesses and individuals in the Commonwealth of Kentucky.

4. Defendant UTICA issued an insurance policy and was at all times pertinent hereto the errors and omissions insurer for Eugene Wilson & Co., Inc., d/b/a First Insurance Group Kentucky, Inc., Policy No. 4046607 EO., located in Bardstown, Nelson County, Kentucky.

5. Defendant Custard Insurance Adjusters, Inc., (hereinafter "CUSTARD") is a foreign corporation doing business in the Commonwealth of Kentucky and at all times pertinent hereto was employed, hired and paid by Defendant UTICA to conduct an insurance investigation within the Commonwealth of Kentucky. The negligent and grossly negligent investigation conducted by CUSTARD took place in Nelson County and/or involved events, person and/or businesses that originated or had minimum and necessary contacts with Bardstown, Nelson County, Kentucky.

6. On or about a time period between February 3 and February 15, 2019, two trucks and equipment, tools and other insured items owned by Plaintiffs TBC and Brad Nelms and insured under an Auto Owners Insurance policy procured by Eugene Wilson & Co., d/b/a First Insurance Group Kentucky, Inc., were stolen from a storage/garage lot off Preston Highway, in Louisville, Jefferson County Kentucky. Police reports were timely filed with the Louisville Metro Police Department and insurance claims were initiated and timely filed by Plaintiffs TBC and Brad Nelms.

7. Plaintiffs TBC and Brad Nelms properly filed insurance claims for the stolen trucks, tools and equipment, loss of use, loss of income, business interruption, and other benefits due under a policy of insurance procured and written by Eugene S. Wilson & Co., d/b/a First Insurance Group Kentucky, Inc. Plaintiffs' claims for the stolen tools and equipment [valued in excess of $85,776.00] as well as claims for loss of use, loss of

income, business interruption, and other policy benefits were denied under a theory that Plaintiffs did not purchase, acquire or obtain an insurance policy or additional insurance coverage under their existing insurance policy for those claims.

8. Without conducting a reasonable investigation and/or proper adjustment of Plaintiffs' claims, Auto Owners Insurance, through its agents, denied Plaintiffs' claims on the basis that no additional coverage for the tools or equipment was included in/on/under the policy.

9. As a result of the denial of the claims for the stolen tools and equipment, loss of use, loss of income, business interruption, and other benefits under the Auto Owners Insurance policy of insurance, Plaintiffs filed errors and omissions (hereinafter "E&O") claims against the licensed insurance agent, Eugene Wilson & Co., d/b/a First Insurance Group Kentucky, Inc., that procured, reviewed, solicited, sold and/or provided the insurance policies to Plaintiffs. Defendant UTICA is and was at all time pertinent hereto the E&O insurer for Eugene Wilson & Co., d/b/a First Insurance Group Kentucky, Inc., and issued an E&O insurance policy to Eugene Wilson & Co., d/b/a First Insurance Group Kentucky  The claims against Defendant UTICA arose from incidents related to and an investigation that took place in Bardstown, Nelson County, Kentucky.

10. Without conducting a reasonable investigation and/or proper adjustment of Plaintiffs' claims, Defendant UTICA, through its agents, including but not limited to Defendant CUSTARD, issued a [wrongful] denial letter on or about March 18, 2019, denying Plaintiffs' claims on the basis that, "there is no indication in the available file documentation that you ever made an attempt to add additional coverage for miscellaneous tools. Therefore, we have been instructed by our client [Eugene & Wilson

Co., d/b/a First Insurance Group Kentucky, Inc.] to formally advise you that they must deny your claim."

11. Plaintiffs' claims were denied by Defendants UTICA and/or CUSTARD without Defendants UTICA and/or CUSTARD conducting a reasonable adjustment and/or investigation of the claims and without first attempting to obtain a consent to settle from its insured, Eugene Wilson & Co., d/b/a First Insurance Group Kentucky, Inc. After a very short time and after conducting what can only be described as a rushed, negligent, grossly negligent and improper adjustment of Plaintiff's E&O claims, Defendants UTICA and CUSTARD denied Plaintiffs E&O claims.

12. Plaintiffs TBC and Brad Nelms were not in any manner negligent or at-fault in causing the loss or the improper placement, solicitation or writing of insurance by Eugene Wilson & Co., d/b/a First Insurance Group Kentucky, Inc.

13. In accordance with Kentucky Revised Statutes and the terms of the policy of insurance, Defendants UTICA and/or CUSTARD had a legal obligation to return Plaintiffs to their pre-loss condition and/or to pay Plaintiffs for damages, including the full fair market value and/or replacement costs for the stolen tools and equipment, full value of the loss of use, loss of income, business interruption and financial loss that Plaintiffs suffered as a result of the errors and omissions made by their insured, Eugene Wilson & Co., d/b/a First Kentucky Insurance Inc.

14. As a result of Defendants UTICA's and/or CUSTARD's negligent, grossly negligent and wrongful denial of Plaintiffs' E&O claims in violation of Kentucky Revised Statutes and common law, Plaintiffs sustained and continues to sustain extensive and arguably irreparable damage and diminished value of Plaintiffs' business.

15. Defendants UTICA and/or CUSTARD ---without reasonable foundation ---- denied Plaintiffs' claims.

16. Defendants UTICA and/or CUSTARD ---without reasonable foundation --- failed to accept or reject Plaintiff's claim in a timely manner and overall has failed and continues to fail to properly adjust and pay Plaintiffs' claims, including claims for the full value and/or replacement costs of the stolen tools & equipment, loss of use, loss of income, business interruption, diminished value of their business interests, in accordance with the E&O policy, statutes, regulations and the standard in the industry.

17. Defendants UTICA and/or CUSTARD failed to properly adjust and investigate the claims from their inception and has ultimately failed to pay for reasonable, customary and ordinary damages.

18. Defendants UTICA and/or CUSTARD negligently, carelessly and recklessly continued throughout the claims and adjustment process to implement new barriers and ignore new information presented by Plaintiffs in violation of statutes and industry standards.

19. Defendants UTICA and/or CUSTARD continued their assault on Plaintiffs by failing to accept responsibility and pay the claims as required by Kentucky Revised Statutes and the policy of insurance.

20. Defendants UTICA and/or CUSTARD has/have a legal obligation to pay for all damages, including attorneys' fees and costs, caused by or that resulted from the errors and omissions of its/their insured Eugene & Wilson & Co., d/b/a First Insurance Kentucky, Inc.

21. Defendant UTICA and/or CUSTARD has negligently grossly negligently, and with wonton disregard for rights of Plaintiffs and the policy of insurance, regulations and statues attempted to shift the financial burden of paying for the damages to Plaintiffs. This unreasonable, reckless, intentional and malicious conduct and violation of KRS 304.12-230 and KRS 304.12-235 of Defendants UTICA and/or CUSTARD caused and continues to cause Plaintiffs to suffer extreme emotional and mental anguish, financial and economic hardship, and undue duress.

22. Defendants UTICA and/or CUSTARD and/or appraisers, attorneys, adjusters, employees, consultants, agents hired and controlled by Defendants UTICA and CUSTARD acted and continue to act in concert with one another and with reckless indifference and with reckless disregard to and for Plaintiffs' rights and have intentionally, maliciously and/or recklessly created hardships on Plaintiffs. Defendants UTICA and/or CUSTARD has/have not paid for or provided Plaintiffs benefits during the adjustment process leaving Plaintiffs to beg, borrow and incur unnecessary costs, continued and insurmountable financial hardships, humiliation and damage to their reputation in the community.

23. Defendants UTICA and/or CUSTARD and/or appraisers, attorneys, adjusters, employees, consultants, agents hired and controlled by Defendants UTICA and CUSTARD created and continue to create unreasonable delays in the handling of Plaintiffs' claims and have treated and continue to treat Plaintiffs unreasonably and with reckless indifference and disregard for the rights of Plaintiffs.

24. Defendants UTICA and/or CUSTARD and/or or appraisers, attorneys, adjusters, employees, consultants, agents hired and controlled by Defendants UTICA and

Package:000009 of 000015    Presiding Judge: HON. JOHN D. SEAY (610248)    Package : 000009 of 000015

CUSTARD compelled Plaintiff to institute litigation to recover amounts due Plaintiffs under the policy of insurance for which Plaintiffs was/were a beneficiary and/or secured party by offering substantially less than the amount that Plaintiffs will ultimately recover. Defendants UTICA and/or CUSTARD failed to offer any money (zero) as settlement, prior to issuing the denial of the claims.

25.     Defendants UTICA and/or CUSTARD and/or or appraisers, attorneys, adjusters, employees, consultants, agents hired and controlled by Defendants UTICA and/or CUSTARD have, in the past, and continue to fail to act and communicate reasonably and promptly with respect to Plaintiffs' claims. Defendants UTICA and/or CUSTARD unreasonably delayed communications with Plaintiffs in excess of ninety (90) days This unreasonable prohibition and restriction on communications slowed the claims process and created an additional barrier with the intent to cause Plaintiffs harm, economic pressure, financial hardship all with the intent to force Plaintiffs to either lose interest in their claims or ultimately give up their rights to compensation for damages.

26.     Defendants UTICA and/or CUSTARD and/or or appraisers, attorneys, adjusters, employees, consultants, agents hired and controlled by Defendants UTICA and CUSTARD have, in the past, and continue to fail to adopt, implement, or follow reasonable standards for the prompt investigation and settlement of claims arising under policies of insurance issued to its insureds.

27.     Defendants UTICA and/or CUSTARD and/or or appraisers, attorneys, adjusters, employees, consultants, agents hired and controlled by Defendants UTICA and/or CUSTARD failed to conduct a reasonable investigation and purposefully and without regard to Plaintiffs' rights, misrepresented facts pertaining to the negligent and

improper adjustment of Plaintiffs' claims. Defendants' adjusters continually and repeatedly misrepresented control of the claims process by falsely stating that Plaintiffs were responsible for determining the scope the damages even after the claim had been denied.

28.  Defendant UTICA's and/or CUSTARD's conduct and continued deception violate its/their duty and obligation of good faith and fair dealing and to negotiate in good faith and to participate fairly and truthfully with the claimants during the claims process.

29.  Defendants UTICA and/or CUSTARD did not attempt in good faith to effectuate the prompt, fair and equitable settlement of Plaintiff's claims prior to issuing a wrongful denial. Liability for the claims is undeniable and clear as evidenced by the conduct of Defendants UTICA and/or CUSTARD after the denial of the E&O claims. The damages and loss of value sustained by Plaintiff were caused solely by the negligent, careless and reckless adjustment of the E&O claims and the adjustment of the underlying conduct of Defendant UTICA's insured, Eugene Wilson & Co., d/b/a First Insurance Group Kentucky, Inc.

30.  Defendants UTICA and/or CUSTARD improperly and without justification, continually and repeatedly changed the adjusters, agents and/or attorneys assigned to Plaintiffs' claims in an effort to confuse and deter Plaintiffs from seeking proper and reasonable adjustment of their claims. This is a common tactic employed by insurance companies with the intention of confusing a claimant and making it extremely difficult for an injured or damaged party to pursue their claim.

31.  Defendants UTICA and/or CUSTARD and/or or appraisers, attorneys, adjusters, employees, consultants, agents hired and controlled by Defendants UTICA and/or CUSTARD have not acted in good faith to effectuate the prompt, fair and equitable

settlement of Plaintiff's claims, in which liability is clear and for which Defendant UTICA's insured, Eugene Wilson & Co., d/b/a First Insurance Group Kentucky, Inc., were liable and at fault.

33. Defendants UTICA and/or CUSTARD and/or or appraisers, attorneys, adjusters, employees, consultants, agents hired and controlled by Defendants UTICA and/or CUSTARD were placed on notice, provided with sufficient notice and given ample opportunity to adjust, inspect, appraise and value Plaintiffs' claims.

33. Defendants UTICA and/or CUSTARD and/or or appraisers, attorneys, adjusters, employees, consultants, agents hired and controlled by Defendants UTICA and/or CUSTARD purposefully and without explanation failed to adjust, inspect and preserve evidence, and, in doing so, failed to act and adjust in good faith to effectuate the prompt, fair and equitable settlement of Plaintiffs' claims.

34. As a result of Defendants UTICA's and/or CUSTARD's purposeful negligent, careless and reckless adjustment of Plaintiffs' claims, Plaintiffs have sustained a total loss of their ownership of a permit and work for their primary client thereby sustaining a heightened financial and economic loss.

35. Defendants UTICA and/or CUSTARD and/or or appraisers, attorneys, adjusters, employees, consultants, agents hired and controlled by Defendants UTICA and/or CUSTARD have not acted in good faith and said actions of Defendants UTICA and/or CUSTARD and/or or appraisers, attorneys, adjusters, employees, consultants, agents hired and controlled by Defendants UTICA and/or CUSTARD have caused Plaintiffs to suffer property loss, financial hardship, economic loss, business interruption, loss of use, mental anguish, emotional suffering, anxiety, pain and suffering, loss of use

and enjoyment of life, loss of power to labor and earn money now and in the future, and attorneys' fees.

36.  Through the actions described herein, Defendants UTICA and/or CUSTARD and/or appraisers, attorneys, adjusters, employees, consultants, agents hired and controlled by Defendants UTICA and/or CUSTARD have acted and continue to act in Bad Faith, for which they are liable to Plaintiff for pain and suffering, financial and economic damages, emotional suffering and mental anguish, humiliation, harassment, and embarrassment.

33.  Defendants UTICA and/or CUSTARD and/or or appraisers, attorneys, adjusters, employees, consultants, agents hired and controlled by Defendants UTICA and/or CUSTARD violated all or some of the provisions of the Kentucky Unfair Claims Settlement Practices Act, KRS 304.12-230 and KRS 304.12-235. As a result of those violations Defendants UTICA and/or CUSTARD, and/or or appraisers, attorneys, adjusters, employees, consultants, agents hired and controlled by Defendants UTICA and/or CUSTARD have caused Plaintiffs to incur attorneys' fees, costs, financial and economic loss, physical, mental and emotional hardship and damages for which Defendants UTICA and/or CUSTARD  is/are joint and severally liable to Plaintiffs. Plaintiffs, in accordance with KRS 304.12-230, KRS 304.12-235 and other applicable statutes and common law, are entitled to an award of attorneys' fees and prejudgment interest.

34.  Defendants UTICA and CUSTARD is/are liable to Plaintiff for exemplary (punitive) and special damages for the violations of the Unfair Claims Settlement Practice

Act, common law bad faith, and other statutes, regulations and ordinances that apply to insurers and business conducting insurance business in the Commonwealth of Kentucky.

35. The damages suffered by the Plaintiffs are within the jurisdictional amounts and limits of this honorable Court.

**WHEREFORE,** Plaintiffs TBC Construction, LLC and Brad S. Nelms, by counsel, respectfully demand against Defendants UTICA Mutual Insurance Company and Custard Insurance Adjusters, Inc., as follows:

A. Judgment against Defendants, jointly and severally, in an amount which will fairly and reasonably compensate Plaintiffs for their property loss, economic and financial loss, diminished value of their business, loss of use, business interruption, physical, mental and emotional suffering;

B. Judgment against Defendants, jointly and severally, for mental anguish, embarrassment, harassment, humiliation, and financial damages and hardship caused by Defendants' unlawful acts, willful, negligent, grossly negligent, wanton and reckless disregard of Plaintiffs' rights;

C. For Punitive and Exemplary Damages;

D. For prejudgment and post judgment interest;

E. For Plaintiffs' costs herein expended, including a reasonable fee for their attorneys, as appropriate and as set forth by statute; and

F. For all other proper orders and relief to which Plaintiffs may be entitled, including a trial by jury on all issues so triable.

VERIFIED AS TRUE AND ACCURATE TO THE BEST OF MY KNOWLEDGE BY:

_____                               March 16, 2020
BRAD S. NELMS, Plaintiff

_____                               March 16, 2020
TBC Construction, LLC., Plaintiff
Authorized Representative

RESPECTFULLY SUBMITTED,

BLUEGRASS LAWYERS, PLLC

/s/ David C. Travis
DAVID C. TRAVIS
Chamberlain Pointe
4612 Chamberlain Lane, Suite 210
Louisville, KY 40241
Phone: (502) 819-2468
Email: *David @BluegrasLawyer.com*
Attorney for Plaintiff

**ELECTRONICALLY FILED**